## AMERICAN NATIONAL BANK OF MACON *v.* BRUNSWICK LIGHT AND WATER CO.

*Atkinson, J.*—1. Where a notice in writing had been duly served upon one of the parties to a pending cause to produce at the trial certain books of account and other books, the contents of which were obviously pertinent to the issues involved, and in response to such notice only a single ledger was produced, the mere fact that there was some testimony in behalf of the party producing it, to the effect that a certain balance brought forward in this ledger from a prior ledger, covered by the notice, was correct, would not dispense with the necessity of producing such prior ledger, and all the other books covered by the notice, the contents of which would illustrate the correctness or incorrectness of the balance in question.

2. Where there were financial dealings pro and con between a corporation and one of its salaried officers, but there never was a time when, upon striking a balance between them, there would be anything due from the corporation to the officer, a garnishment served upon the corporation, at the instance of a creditor of the officer, could not be made effectual for the purpose of subjecting any portion of the latter's salary to the payment of the creditor's claim against him. This case in principle is controlled by the case of *The Standard Wagon Co.* v. *Lowry, surviving partner,* 94 *Ga.* 614; followed in *McKee* v. *Georgia Cotton Oil Co.,* 99 *Ga.* 107.　　　*Judgment reversed.*

Argued November 30,—Decided December 17, 1896.

Garnishment. Before Judge Sweat. Glynn superior court. December term, 1895.

*Johnson & Krauss,* for plaintiff.
*Goodyear & Kay,* contra.